UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

REBECCA S. SIEGEL,

Petitioner,

v.

ANOKA METRO REGIONAL TREATMENT CENTER,

Respondent.

Civil No. 00-2267 (PAM/JGL)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court concludes that Petitioner has not exhausted her available state court remedies, and that her habeas corpus petition cannot be entertained at this time. It will therefore be recommended that the application for writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Based on the very limited information provided in the petition, it appears to the Court that Petitioner has been civilly committed to the Anoka Metro Regional Treatment

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED 10-13-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Center, pursuant to an order entered in the "Probate Court Mental Health Division" of the state district court for Hennepin County, Minnesota. (Petition, p. (2), ¶ 1.) According to the petition, Petitioner has not appealed the decision that caused her to be committed, and she has not otherwise challenged her commitment in any other state court proceedings. She apparently is asking our Court to review the constitutionality of her commitment, and enter an order that would cause her to be released from custody. The petition lists the following grounds for relief: (1) Petitioner was not advised that she had a right to due process; (2) Petitioner did not receive effective assistance of counsel, she was not allowed to be present at her commitment hearing, and her commitment was based on nothing but "third party evidence;" (3) Petitioner was denied her right to appeal and (4) Petitioner's "conviction" was "obtained by coerced confession." (Petition, pp. (5)-(6), ¶ 12.) For the reasons discussed below, the Court concludes that none of these claims can be entertained in a federal habeas action at this time.

**II. DISCUSSION**

It is well established that a federal court may not entertain a petition for a writ of habeas corpus brought by a person in custody pursuant to state court proceedings, unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam);

Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a state detainee must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, it is readily apparent that Petitioner has not exhausted her state court remedies, because she never appealed her commitment order to the Minnesota Court of Appeals or the Minnesota Supreme Court. Although the petition vaguely asserts that Petitioner has been unable to appeal, that assertion has not been adequately explained. Furthermore, even if Petitioner could show some valid reason or excuse for not pursuing a direct appeal, it appears that there still would be at least one other state court remedy that would be available to her. If Petitioner is being involuntarily detained by persons acting under color of state law, (as she seems to be claiming), then she should be able to

seek habeas corpus relief in state court under Minn. Stat. §§ 589.01 et seq.[2] See State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures). It should also be noted that a state trial court order denying a habeas corpus petition can be appealed to the Minnesota Court of Appeals, (Minn.Stat. § 589.29); and if the Court of Appeals does not grant the relief requested, further review can be sought in the Minnesota Supreme Court. Minn. R. App. P. 117.

Because there are still state court remedies available to Petitioner for the claims she is attempting to present here, the Court concludes that she has not satisfied the exhaustion requirement imposed by 28 U.S.C. § 2254(b). Therefore Petitioner's current application for federal habeas corpus relief cannot be entertained at this time. The Court will recommend that the instant petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases, because it plainly appears on the face of the petition that Petitioner is not currently entitled to the relief she is seeking. The petition should be dismissed without prejudice, however, so that Petitioner can bring her federal

---

[2] Minn.Stat. § 589.01 provides that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution." (Emphasis added.)

constitutional claims back to federal court, if necessary, after all such claims have been fairly presented to, and decided on the merits by, the Minnesota state courts, (including the Minnesota Supreme Court). See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE.**

Dated: October 13, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by OCT. 31, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3] Even if the current petition could properly be entertained here, it is difficult to imagine that any relief could be granted to Petitioner, because she has not adequately explained the factual and legal bases for her claims. Therefore, if Petitioner does find it necessary to seek further relief in federal court after she has fully exhausted all of her state court remedies, she should make a concerted effort to describe her constitutional claim(s) for relief with much greater specificity and clarity.